# In the
# United States Court of Appeals
## For the Seventh Circuit

————————

No. 07-1949

IN RE:

   DIANA HOLLAND,

*Debtor-Appellee.*

APPEAL OF:

   ROY SAFANDA,

*Trustee.*

————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 06 C 5424—**Ronald A. Guzman**, *Judge.*

————————

ARGUED FEBRUARY 11, 2008—DECIDED AUGUST 19, 2008

————————

Before BAUER, KANNE, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* When a debtor files for bankruptcy in Illinois but owns real property in Florida, which state's law applies in determining whether the property is exempt from the debtor's bankruptcy estate? That's the central question raised on appeal here and the answer turns on 11 U.S.C. § 522(b)(2)(B) (2005) (which has since been renumbered as § 522(b)(3)(B)). Debtor

Diana Holland believes this provision points us to Florida law; the trustee of her bankruptcy estate prefers Illinois law. The district court agreed with Holland but never decided whether she was entitled to an exemption under Florida law; it instead remanded the matter to the bankruptcy court. Because the district court's decision was not a final appealable order, we dismiss this appeal for lack of jurisdiction.

## I. BACKGROUND

On October 15, 2005, Holland filed for Chapter 7 bankruptcy in the Northern District of Illinois. Although domiciled in Illinois, Holland sought to exempt $350,000 worth of uninhabited real property that she owns as a tenant by the entirety in Florida, claiming that Florida law (as incorporated by 11 U.S.C. § 522(b)(2)) exempts the land from the bankruptcy estate. The Chapter 7 bankruptcy trustee disagreed, arguing that section 522 instead required the court to apply Illinois law, which (unlike Florida law) would not exempt the property.

Without addressing which state's exemptions applied, the bankruptcy court applied Illinois law and ruled in the trustee's favor. On appeal, the district court reversed and concluded the bankruptcy court should have applied Florida law. However, the district court did not decide whether Florida law actually entitled Holland to the exemption. The trustee then appealed the district court's order to this court, and the district court stayed proceedings pending this appeal.

## II. ANALYSIS

Unfortunately for everyone, the parties have given little thought to whether we have appellate jurisdiction in this case. In his "Jurisdictional Statement," the trustee characterizes the district court's order that reversed and remanded the bankruptcy court's decision as a "final judgment" that "den[ied] the Trustee's objection to the Debtor's claimed exemption in Florida real estate." The trustee believes that "[t]he District Court's order is considered a final judgment because it determined the Debtor's entitlement to a bankruptcy exemption."

The trustee is mistaken. The district court's docket reveals there has been no "final judgment" in this case. While the district court's order could have taken the place of a formal Rule 58 judgment, such an order would have constituted a final judgment only if the court was actually "finished with the case." *See*, *e.g.*, *Taylor-Holmes v. Office of the Cook County Pub. Guardian*, 503 F.3d 607, 609 (7th Cir. 2007). And that's not what happened here. Although the district court's order held that the bankruptcy court should have applied Florida law, it never addressed whether Holland was actually entitled to a bankruptcy exemption. Indeed, the order stated, "The Court expresses no opinion on whether Holland has a valid exemption under Florida law." *Cf. In re Yonikus*, 996 F.2d 866, 868 (7th Cir. 1993) ("Orders granting or denying exemptions are appealable as final judgments under 28 U.S.C. § 158(d)."). If anything, the order suggested—as the trustee himself concedes in his opening brief—that the matter has been remanded for further

proceedings before the bankruptcy court. *See* Appellant's Br. at 11-12 ("The District Court reversed the ruling of the bankruptcy judge and remanded for determination of the validity of Ms. Holland's exemption under Florida law."). As far as we know, those proceedings have yet to take place and the matter remains stayed.

Circuit courts remain split on which test to apply in determining whether a district court order that remands a case to a bankruptcy court is appealable. *See, e.g.*, *In re Lopez*, 116 F.3d 1191, 1192 (7th Cir. 1997) (cataloging cases). Most circuits have held that such an order is not final and appealable unless the remand is for "ministerial" proceedings. *See, e.g.*, *In re Pratt*, 524 F.3d 580, 584-85 (5th Cir. 2008), *cert. denied*, 128 S. Ct. 2445 (2008); *In re Penn Traffic Co.*, 466 F.3d 75, 78-79 (2d Cir. 2006) (per curiam); *In re Torres*, 432 F.3d 20, 22-23 (1st Cir. 2005); *In re Popkin & Stern*, 289 F.3d 554, 556 (8th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1251 (10th Cir. 2001); *In re Alvarez*, 224 F.3d 1273, 1275 (11th Cir. 2000); *Jove Eng'g v. IRS*, 92 F.3d 1539, 1547-48 (11th Cir. 1996); *In re St. Charles Preservation Investors, Ltd.*, 916 F.2d 727, 728-29 (D.C. Cir. 1990) (per curiam); *see also In re Wallace & Gale Co.*, 72 F.3d 21, 24 (4th Cir. 1995) ("District court orders remanding cases to the bankruptcy court for further consideration are not, ordinarily, final orders."). The Sixth Circuit "will not deem final a district court's decision remanding to a bankruptcy court for further proceedings if the district court has not certified the decision pursuant to Fed. R. Civ. P. 54(b)." *In re Brown*, 248 F.3d 484, 485 (6th Cir. 2001); *see also In re Yousif*, 201 F.3d 774, 781 (6th Cir. 2000) (Moore, J., concurring). And the Third and Ninth Circuits apply

multi-factor balancing tests to determine whether an order is final and appealable in this context. *See In re Fowler*, 394 F.3d 1208, 1211 (9th Cir. 2005); *In re Pransky*, 318 F.3d 536, 540-41 (3d Cir. 2003).

Our circuit precedent accords with the majority view: "[E]ven if the decision of the bankruptcy court is final, a decision by the district court on appeal remanding the bankruptcy court's decision for further proceedings in the bankruptcy court is not final, and so is not appealable to this court, unless the further proceedings contemplated are of a purely ministerial character . . . ." *In re Lopez*, 116 F.3d at 1192. What remains to be decided here is hardly ministerial: the bankruptcy court still has to answer the $350,000 question whether Holland is entitled to an exemption under Florida law. *See In re A.G. Fin. Serv. Ctr., Inc.*, 395 F.3d 410, 413 (7th Cir. 2005) ("To say that the remand is for a ministerial act is to say that the district judge *has* fully resolved the litigation: there is no legal decision for a bankruptcy judge to make, no fact to find, no discretion to exercise."). Only then—after the bankruptcy court has made its final ruling, the district court has revisited the case, and a fresh notice of appeal to our court has been filed—can we exercise jurisdiction over the matter. *See In re Fox*, 762 F.2d 54, 55-56 (7th Cir. 1985).

## III. CONCLUSION

The appeal is DISMISSED for lack of jurisdiction.