In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-3133

IN THE MATTER OF:

ROCKFORD PRODUCTS CORPORATION,

*Debtor*

APPEAL OF:

HARRISON KISHWAUKEE, LLC

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 11 C 50366 — **Philip G. Reinhard**, *Judge*.

ARGUED DECEMBER 13, 2013 — DECIDED DECEMBER 18, 2013

Before EASTERBROOK, KANNE, and ROVNER, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Rockford Products Corp.
(Debtor) leased a building from Harrison Kishwaukee
(Landlord). During its liquidation in bankruptcy, Debtor as-
sumed the lease, 11 U.S.C. §365, and sold the leasehold in-
terest (and many other assets) to Rockford Acquisition,
which later renamed itself as Rockford Products, LLC (Ten-
ant). The bankruptcy judge approved the transaction in 2007,
see 11 U.S.C. §363, after Landlord did not object to Debtor's

assertion that Landlord did not have any outstanding claim against Debtor. The order approving the sale bars any claims based on pre-sale events.

The lease requires Tenant to maintain the roof in good repair. In 2010 Landlord sued Tenant in state court, contending that it had failed to fulfil this obligation. Tenant replied with a motion in the closed bankruptcy proceeding, asking the bankruptcy court to interpret the 2007 order as blocking Landlord's claim. The bankruptcy judge acknowledged that a federal court has continuing authority to enforce its orders after a case has been closed, see *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137 (2009), but concluded that the 2007 order does not affect continuing obligations such as a duty to keep leased premises in good repair.

The 2007 order's effect, Judge Barbosa stated, is limited to blocking a demand for damages on account of pre-discharge events. Landlord wants a prospective remedy, not damages. Continuing federal authority over such a state-law claim could be supported only under the "related-to-bankruptcy" jurisdiction supplied by 28 U.S.C. §1334(b), and because the bankruptcy has long been closed, and no creditor's interest could be affected, there is nothing to which the state proceedings could be related. See, e.g., *Rivet v. Regions Bank*, 522 U.S. 470 (1998); *Pettibone Corp. v. Easley*, 935 F.2d 120 (7th Cir. 1991); *In re Xonics, Inc.*, 813 F.2d 127 (7th Cir. 1987). The judge dismissed the federal proceedings.

A district judge disagreed, ruling that Landlord can enforce the lease's good-repair clause only to the extent that defects in the roof first occurred after the lease's assumption in bankruptcy. 2012 U.S. Dist. Lexis 117096 (N.D. Ill. Aug. 20, 2012). The district judge stated that Tenant bears the burden

of establishing which problems existed when the lease was assumed in 2007. The judge wrapped up: "this matter is remanded to the bankruptcy court for a determination of which defects [Landlord] is seeking to enforce existed pre-assumption and to enter an order enforcing the Sale Order by barring [Landlord] from seeking to compel [Tenant] to repair those defects. After the bankruptcy court makes this determination, [Landlord] may proceed with its specific performance action to compel [Tenant] to repair post-assumption defects." 2012 U.S. Dist. LEXIS 117096 at *16.

The district judge did not discuss the possibility that leaks existing when Debtor assumed the lease have become worse over time, and the parties disagree about who bears responsibility for them. Nor did the district judge discuss decisions such as *Ohio v. Kovacs*, 469 U.S. 274 (1985), and *In re CMC Heartland Partners*, 966 F.2d 1143 (7th Cir. 1992), which hold that obligations enforceable by orders of specific performance to meet ongoing responsibilities survive bankruptcy even when obligations to pay damages do not. The district judge also did not consider whether, after *Stern v. Marshall*, 131 S. Ct. 2594 (2011), a bankruptcy judge who lacks the tenure and salary protections of Article III may enter an order effectively disposing of a state-law claim by a person (Landlord) who did not file a claim in the bankruptcy or otherwise consent to the claim's disposition by a bankruptcy judge. Landlord contends that *Stern* deprives the federal judiciary of jurisdiction over its claim. That's not right; if the bankruptcy judge cannot act, then authority to interpret and enforce the 2007 order devolves on the district judge. But the district judge's remand directs the bankruptcy judge to proceed, and Landlord contends that this, at least, is a mistake.

Before we can take up the question whether the district judge acted properly, we must consider our own authority. Appeals in bankruptcy cases usually depend on 28 U.S.C. §§ 158(d)(1) and 1291, which authorize review of "final decisions". Yet the district court's decision is far from final; it does not end the proceeding but instead remands for findings of fact (which must follow a trial, unless, implausibly, none of the factual disputes turns out to be material), after which the bankruptcy judge will make a new decision that can be appealed to the district court under 28 U.S.C. §158(a)(1). To be sure, remands to bankruptcy judges for ministerial acts are "final" when there is no prospect of any future dispute requiring appellate resolution. See, e.g., *In re Holland*, 539 F.3d 563, 565 (7th Cir. 2008); *In re Lopez*, 116 F.3d 1191, 1192 (7th Cir. 1997). There's nothing "ministerial" about the tasks the district judge set for the bankruptcy judge, however.

This leads Landlord to rely on 28 U.S.C. §1292(a)(1), which authorizes appeals of interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions". The 2007 sale order is not an injunction, and at all events neither the bankruptcy judge nor the district judge purported to modify that order or take any other step on the statutory list; neither judge had been asked to do so. Both judges did interpret the 2007 order, but §1292(a)(1) does not authorize an appeal just because a judge understands an older order to require or forbid something. See, e.g., *ACORN v. Illinois Board of Elections*, 75 F.3d 304, 306 (7th Cir. 1996); *Motorola, Inc. v. Computer Displays International, Inc.*, 739 F.2d 1149, 1155 (7th Cir. 1984); *Southern Ute Indian Tribe v. Leavitt*, 564 F.3d 1198, 1209 (10th Cir. 2009).

According to Landlord, the last sentence of the district court's opinion—"After the bankruptcy court makes this determination, [Landlord] may proceed with its specific performance action to compel [Tenant] to repair post-assumption defects."—demonstrates that the district judge has forbidden proceedings in state court, which amounts to an injunction. There are at least three problems with this contention.

First, the language sounds like a statement of conditions under which continuing the state case would be sensible—that is, like advice to the state judge—not like a prohibition on all activity in state court until then.

Second, Landlord is not trying to reactivate the state-court proceeding. The state judge stayed that suit of his own volition and told the parties to return after proceedings in the bankruptcy court had concluded. There was accordingly little reason for the district judge to enjoin any action in state court.

Third, the district judge did not purport to issue an injunction and therefore never considered whether such a step would be consistent with the Anti-Injunction Act, 28 U.S.C. §2283. A federal injunction must be set out in a document that "describe[s] in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(C). The judgment entered in this case remands the proceeding to the bankruptcy court; it does not enjoin either Landlord or the state judge from proceeding in the state suit. The judgment does contain the sentence that we have quoted from the opinion ("After the bankruptcy court makes this determina-

tion … .”), but at oral argument counsel for Landlord conceded that this language is not a stand-alone injunction.

Counsel argued that the injunction lies in this language coupled with the district judge's expectations, not in any order. But a major point of Rule 65(d)(1)(C) is that a judge's expectations are not binding; only concrete language in a written order can be enforced as an injunction. That's why we held in *Bates v. Johnson*, 901 F.2d 1424 (7th Cir. 1990), that a judge's oral demand that a litigant cease doing something is not an injunction and therefore may not be appealed.

This is not to say that compliance with Rule 65(d)(1)(C) is essential to appellate jurisdiction. Sometimes it is clear that the district judge set out to issue an enforceable injunction but erred in the implementation because, for example, the written order does not describe the required or forbidden acts in "reasonable detail" or because the order purports to incorporate some other document. Then an appeal is permissible under §1292(a)(1) and leads to remand so that the district court can fix the problem. See, e.g., *Dupuy v. Samuels*, 465 F.3d 757 (7th Cir. 2006). But in *Bates*, as in this case, the district court did not even try to enter a written injunction.

Landlord wants us to interpret ambiguous language in an opinion as an injunction and use it as the hook for an appeal that would present wholly different questions concerning the effects of *Stern* and the 2007 order. The Supreme Court has told us to use simple, clear rules for jurisdictional boundaries. See, e.g., *Hertz Corp. v. Friend*, 559 U.S. 77, 94–95 (2010); *FEC v. NRA Political Victory Fund*, 513 U.S. 88, 99 (1994); *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202 (1988). Treating ambiguous language in an opinion as the basis of a tea-leaf reading is some distance from a simple and

clear rule. It is not only simpler but also more respectful of the district court to interpret ambiguous language as reflecting a judge's desires or expectations rather than as a coercive order. The district judge well knows the difference between an assumption and an injunction; both the text of the sentence in question, and the absence of an attempt to satisfy Rule 65, tell us that no injunction has been entered.

Because the district court did not enter an injunction, we lack appellate jurisdiction. The appeal must be dismissed. But we hope that the bankruptcy judge, the district judge, or both, will attend to the issues flagged at page 3 of this opinion, in order to prevent what may be wasteful hearings and decisions preceding a future appeal to this court.

The appeal is dismissed for want of jurisdiction.