In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2833

DAWAIN BELL and ALICE SPINKS,
on behalf of themselves and all
others similarly situated,

*Plaintiffs-Appellants*,

*v.*

CITY OF CHICAGO,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14 C 7382 — **Gary Feinerman**, *Judge*.

ARGUED FEBRUARY 11, 2016 — DECIDED AUGUST 30, 2016

Before RIPPLE, KANNE, and WILLIAMS, *Circuit Judges*.

KANNE, *Circuit Judge*. In September 2012, Chicago Police Department officers arrested Plaintiff Dawain Bell for possession of a controlled substance. At the time, Bell was driving Plaintiff Alice Spinks's vehicle. Chicago Police impounded the vehicle after Bell's arrest pursuant to Chicago Municipal Code § 7-24-225, which permits police to impound a vehicle when

officers have probable cause to believe it contained a controlled substance or was used in an illegal drug transaction.

Spinks challenged the impoundment two days later at a hearing before an administrative law judge ("ALJ") in the City of Chicago's Department of Administrative Hearings. The ALJ determined that probable cause existed to impound the vehicle because at the time of impoundment it contained "unlawful drugs" in violation of § 7-24-225. Less than a month later, an ALJ found Spinks liable for violating § 7-24-225 and ordered that she pay the prescribed penalty of $2,000 plus $180 in storage and towing fees.[1] There is no evidence that Spinks challenged the ALJ's determination in Cook County Circuit Court, which she had the right to do.

Spinks and Bell ("Plaintiffs") filed this lawsuit against Defendant City of Chicago ("City") in Cook County Circuit Court in 2014, alleging, amongst other theories, that the City's impoundment-related ordinances violated Illinois law and were facially invalid under the Fourth Amendment to the U.S. Constitution. The City removed the action to federal court pursuant to 28 U.S.C. § 1441 based on Plaintiffs' allegations that the impoundment ordinance violated the Fourth Amendment. The City then moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. After allowing Plaintiffs to amend their complaint, the district court deemed the City's previously filed motion to dismiss applied to the amended complaint and granted the motion. In doing so, the district court only dismissed Plaintiffs' Fourth Amendment claim with prejudice and remanded

---

[1] Bell was later convicted in Cook County Circuit Court for possession of cocaine and received a sentence of 18 months' probation.

Plaintiffs' remaining state law claims to state court. This appeal followed.

## I.  ANALYSIS

We review *de novo* a district court's decision to dismiss a complaint for failure to state a claim pursuant to Rule 12(b)(6). *Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014). In evaluating a complaint's sufficiency, "we construe it in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the party's] favor." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). While a plaintiff need not plead "detailed factual allegations" to survive a motion to dismiss, she still must provide more than mere "labels and conclusions or a formulaic recitation of the elements of a cause of action" for her complaint to be considered adequate under Federal Rule of Civil Procedure 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Plaintiffs' two principal arguments are that the City's impoundment-related ordinances ("Ordinances") are facially invalid under the Fourth Amendment because the Ordinances: (1) permit warrantless seizure of vehicles in all instances and (2) allow for a non-judicial officer—a City ALJ—to determine whether probable cause exists to allow the vehicle to remain seized. Plaintiffs' remaining arguments are frivolous and do not warrant further discussion.

There is no categorical bar to mounting a facial challenge under the Fourth Amendment, *City of Los Angeles v. Patel*, 135 S. Ct. 2443, 2449 (2015), but, in doing so, Plaintiffs assume a demanding burden—"establish[ing] that a 'law is unconstitutional in all of its applications,'" *id.* at 2451 (quoting *Wash.*

*State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008)). Although "such challenges are the most difficult … to mount successfully," the Supreme Court has recently clarified that the proper inquiry under this "exacting standard" should be "only [on] applications of the statute in which it actually authorizes or prohibits conduct." *Id*. at 2449, 2451 (internal quotation marks omitted).

*A. Warrantless Seizure of Vehicles*

The Fourth Amendment provides, in relevant part, for "[t]he right of the people to be secure in their persons, houses, papers, and effects, against *unreasonable … seizures …*."[2] (emphasis added). The Supreme Court has explained that "[a] 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property" caused by a government actor. *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). In evaluating such a challenge, we must determine whether the "seizure" of property was "unreasonable," a determination that requires a "balancing of governmental and private interests." *New Jersey v. T.L.O.*, 469 U.S. 325, 341 (1985). Generally, "seizures of personal property are unreasonable within the meaning of the Fourth Amendment, without more, unless … accomplished pursuant to a judicial warrant." *Illinois v. McArthur*, 531 U.S. 326, 330 (2001) (alteration in original and internal quotation marks omitted). But because "reasonableness is still the ultimate standard under the Fourth Amendment," *Soldal v. Cook Cty., Ill.*, 506 U.S.

---

[2] Like several other amendments, the Fourth Amendment has been made applicable to the states via the Fourteenth Amendment. *Ker v. California*, 374 U.S. 23, 30–31 (1963).

56, 71 (1992) (internal quotation marks omitted), there are exceptions that allow for warrantless seizures, *see McArthur*, 531 U.S. at 330–31.

Plaintiffs argue that the City's Ordinances—§§ 2-14-101 (Seized/unclaimed property), 2-14-132 (Impoundment), and 2-14-135 (Impoundment—Towing and storage fee hearing)— are facially invalid under the Fourth Amendment because the Ordinances allow for warrantless seizures of vehicles in all cases. Because Plaintiffs have mounted a facial challenge, "the proper focus of the constitutional inquiry is [seizures] that the law actually authorizes, not those for which it is irrelevant." *Patel*, 135 S. Ct. at 2451. Under this demanding standard, Plaintiffs must demonstrate that the Ordinances are unconstitutional in *all* the seizures that the Ordinances "actually authorize[]." *Id.* Stated differently, Plaintiffs must show the Ordinances' "actual applications" are unconstitutional. *Id.* We need not proceed very far in our inquiry, however, to determine that Plaintiffs' facial challenge fails, as the Ordinances' "actual application[]" in their case does not violate the Fourth Amendment.

Section 2-14-132 is the general provision that allows a police officer or authorized City agent to impound a vehicle involved in a "status-related offense" and a "use-related offense." A "status-related offense" is an offense related to a violation of a registration-related ordinance whereas a "use-related offense" is one where the vehicle is used in an illegal manner or in connection with an illegal act, such as possession of illegal drugs in a vehicle, drag racing, or solicitation of a prostitute. Regardless of the type of substantive offense, the Ordinances require that the officer or authorized City agent have probable cause to believe that an enumerated ordinance

violation has occurred before the vehicle can be seized and impounded. [3]

One such enumerated violation, incorporated by reference into § 2-14-132, is Chicago Municipal Code § 7-24-225, which is the provision used by police to seize and impound Spinks's vehicle. This "use-related offense" provision states in relevant part that "[w]henever a police officer has *probable cause* to believe that a vehicle is subject to seizure and impoundment pursuant to this section, the police officer shall provide for the towing of the vehicle to a facility controlled by the city or its agent." § 7-24-225(b) (emphasis added). Vehicles are only "subject to seizure and impoundment" under § 7-24-225 if the vehicle "contains any controlled substance or cannabis" or "is used in the purchase, attempt to purchase, sale or attempt to sell such controlled substances or cannabis." Under this provision then, the officer seizing the vehicle without a warrant must have *probable cause* to believe it has illegal drugs in it or has been used in an illegal drug transaction.

We can divine no difference between the warrantless seizures authorized by § 7-24-225 and those permitted by the Supreme Court in *Florida v. White*, 526 U.S. 559 (1999) and in *G.M. Leasing Corp. v. United States*, 429 U.S. 338 (1977), as well as in our decision in *United States v. Pace*, 898 F.2d 1218 (7th Cir. 1990). In *White*, the Supreme Court held a police officer

---

[3] There are two authorizations for impoundment that do not explicitly incorporate the requirement that a police officer have probable cause to suspect a violation before seizure. *See* Chicago Mun. Code §§ 9-12-090, 9-92-035. Those sections, however, provide for impoundment of a vehicle involved in drag racing, § 9-12-090, or whose driver fled from a police officer and could not be apprehended at the time of flight and is inapplicable to Plaintiffs' case, § 9-92-035.

did not need a warrant to seize a vehicle for possible forfeiture when the officer had probable cause to believe the vehicle itself was contraband, which, under Florida law, meant that the vehicle had been used in connection with an illegal drug offense. The Supreme Court expressly rejected an argument similar to Plaintiffs', namely that there is some difference "between permitting the immediate search of a movable automobile based on actual knowledge that it then contains contraband [and] the discretionary seizure of a citizen's automobile based upon a belief that it may have been used at some time in the past to assist in illegal activity." *White*, 526 U.S. at 564 (alteration in original and internal quotation marks omitted).

In *G.M. Leasing*, the Supreme Court held that Internal Revenue Service agents could seize a vehicle without a warrant if they had probable cause to believe the vehicle was subject to seizure and the seizure occurred "on public streets, parking lots, or other open places." 429 U.S. at 351–52. Similarly, in *Pace*, after we determined that an Illinois forfeiture statute permitted warrantless seizures of vehicles, we joined several other circuits in holding that under the Fourth Amendment, police "may seize a car without a warrant pursuant to a forfeiture statute if they have probable cause to believe that the car is subject to forfeiture." *Pace*, 898 F.2d at 1218. There, the Illinois forfeiture statute was remarkably similar to § 7-24-225 in that it permitted police to seize a vehicle if police had probable cause to believe the vehicle had been used in connection with or facilitated illegal drug activity.

Taken together, we read these three opinions as permitting the type of warrantless seizures authorized by § 7-24-225, the ordinance used to seize Spinks's vehicle. In other words, these

three opinions when read together find that an ordinance authorizing a warrantless seizure is not "unreasonable" under the Fourth Amendment when a police officer has probable cause to believe that a vehicle is subject to seizure because it was used in some violation of law, here for having illegal drugs in it.

Plaintiffs attempt to circumvent *White* and *G.M. Leasing* by arguing that even if those cases authorize the seizure in their case, the City's Ordinances authorize impoundment for a variety of other ordinance violations. True. But in making a facial challenge, Plaintiffs must demonstrate that a particular law is unconstitutional in all its actual applications, including its application to them. Plaintiffs make no real effort to do so, other than arguing that the law at issue in *White* was a forfeiture statute, not an impoundment ordinance. That fact is a distinction without a difference. The fact that the statute at issue in *White* was called a forfeiture statute does not change that the Supreme Court deemed constitutional the warrantless seizure of a vehicle supported by probable cause to believe that the vehicle was used in a violation of the law.

Plaintiffs also read *Patel* as standing for the proposition that a law that permits warrantless seizures in all instances is facially unconstitutional. *Patel* does not stand for such a proposition. It was not a seismic shift in Fourth Amendment jurisprudence that wiped away the exceptions to the warrant requirement created by *White*, *G.M. Leasing*, and those cases' progeny. Rather, *Patel* considered whether a municipal ordinance allowing for searches of hotel registries without a warrant violated the Fourth Amendment. The ordinance at issue there, unlike the ordinance at issue in our case, allowed the search to occur without probable cause. That is why the Court

evaluated whether the ordinance was permitted under the "administrative search exception to the warrant requirement" and determined it did not. *Patel*, 135 S. Ct. at 2452. *Patel* did not, however, call into question the constitutionality of the City's Ordinances or similar forfeiture statutes, which only allow for seizure of a vehicle after the officer or state actor developed *probable cause* of a violation of the law.

*B. Post-Seizure Procedures*

Plaintiffs argue the post-seizure procedures provided by the City's Ordinances facially violate the Fourth Amendment because the Ordinances fail to provide a neutral officer from the judicial branch to determine whether probable cause exists to continue possessing the vehicle after it is seized.

There is a fundamental flaw with Plaintiffs' argument though. Plaintiffs cannot explain how their challenge to the post-seizure procedure process implicates the Fourth Amendment, as the seizure in Plaintiffs' case and all others under the Ordinances is complete when the officer or agent seizes and impounds the vehicle. *Lee v. City of Chicago*, 330 F.3d 456, 466 (7th Cir. 2003). As we explained in *Lee*, "[o]nce an individual has been meaningfully dispossessed, the seizure of the property is complete, and once justified by probable cause, that seizure is reasonable. The amendment then cannot be invoked by the dispossessed owner to regain his property. Therefore, [the plaintiff's] car was seized when it was impounded." *Id.*

Here, Plaintiffs' complaint is with the *individual* and *the process for reviewing* whether the police or City agent had sufficient probable cause to initially seize the vehicle. Their complaint is that this reviewing individual is: (1) not a judicial of-

ficer and (2) cannot be unbiased in reviewing whether the police officer or City agent had probable cause in the first instance to seize the vehicle. In other words, they challenge the procedures allowing for the City's continued possession of a vehicle, not the *initial seizure* of the vehicle.

Plaintiffs are not without a remedy, however, as the Due Process Clause of the Fourteenth Amendment can be used to challenge post-seizure procedures and the City's continued retention of Spinks's vehicle. *See United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 52 (1993) (holding that the government's continued retention of property after seizure must comply with the Due Process Clause); *Towers v. City of Chicago*, 173 F.3d 619, 626–29 (7th Cir. 2009) (evaluating a substantive and procedural due process challenge to same use-related ordinance used to impound Spinks's vehicle).

Despite the availability of this challenge, Plaintiffs have made the conscious decision not to pursue a substantive or procedural due process challenge. Indeed, Plaintiffs have asserted that "[t]o suggest that these Plaintiffs should have attacked this Fourth Amendment defect on due process grounds is absurd." (Appellant Br. 13.) Color us absurd then, but such a clear statement amounts to a waiver of any due process argument on appeal. *Hojnacki v. Klein-Acosta*, 285 F.3d 544, 549 (7th Cir. 2002) ("A party waives any argument that it does not raise before the district court or, if raised in the district court, it fails to develop on appeal.").

## II.  CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.