NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted January 29, 2018*
Decided January 30, 2018

Before

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 17-3002 <br><br> WANDA E. TORRENCE, <br>     *Plaintiff-Appellant*, <br><br>     *v.* <br><br> UNITED STATES BANKRUPTCY COURT for the Northern District of Illinois, Eastern Division, *et al.*, <br>     *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 17 C 3120 <br> Amy J. St. Eve, *Judge*. |

**Order**

We held in Torrence's bankruptcy case that her contention that the bankruptcy judge, district judge, litigants, and lawyers all had discriminated

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). We have unanimously agreed to decide the case without argument because the briefs and record adequately present the facts and legal arguments, and argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

against her because of her hearing difficulties had been waived and was baseless as a matter of fact. *Torrence v. Comcast Corp.*, No. 16-2544 (7th Cir. Oct. 28, 2016) at slip op. 4 (nonprecedential disposition).

Disregarding our conclusion, Torrence then sued the Bankruptcy Court and multiple additional parties, demanding compensation for the supposed discrimination. The suit was dismissed as barred by principles of issue and claim preclusion. Torrence appeals again.

The district court's decision is correct. Torrence appears to believe that as long as she names new parties, she can continue litigating questions that have been resolved against her. That belief is incorrect. Our earlier decision binds Torrence whether or not it binds anyone else, and third parties such as the defendants in this suit therefore are entitled to its benefit. See *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313 (1971) (discussing principles of nonmutual preclusion).

The current suit is frivolous for this and other reasons, which need not be explored. Torrence must understand that if she continues to litigate claims or theories that have been resolved against her, she will be ordered to pay financial penalties for frivolous litigation.