In the

# United States Court of Appeals
## For the Seventh Circuit

No. 21-1616

JOANNE KAMINSKI,

*Plaintiff-Appellant,*

*v.*

ELITE STAFFING, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:20-cv-06652 — **Franklin U. Valderrama**, *Judge.*

SUBMITTED* NOVEMBER 8, 2021 — DECIDED JANUARY 19, 2022

Before ROVNER, SCUDDER, and KIRSCH, *Circuit Judges.*

---

*We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

SCUDDER, *Circuit Judge*. Joanne Kaminski, a Polish-American woman in her fifties, appeals the dismissal of her lawsuit against her former employer, Elite Staffing, Inc., for unlawful discharge in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. The district court concluded that Kaminski failed to state a claim because she did not plead a plausible case of discrimination. Having taken our own fresh look at Kaminski's complaint, we affirm the district court's dismissal. In doing so, though, we sound a concern that the district court may have articulated a pleading standard beyond that imposed by Rule 8(a) of the Federal Rules of Civil Procedure and Supreme Court precedent.

## I

Kaminski's second amended complaint is far from clear, and our takeaways are limited. She seems to say that she worked for Elite Staffing, a temporary employment agency, for about two-and-a-half years. When assigned to a job, Kaminski traveled to and from the site on a bus equipped with security cameras. During her time at Elite Staffing, she never received a disciplinary infraction. Nor, she adds, did anyone ever reprimand her for poor work or for any other reason.

In late 2019, Elite Staffing informed Kaminski that the warehouse where she was working no longer needed her help. As a result, and based on its policy of terminating any employee discharged by a host company, Elite Staffing let her go. At some point following the termination, Kaminski says she called Elite Staffing's human resources department to obtain the names of her former coworkers, but the office declined to supply the information.

Kaminski responded by suing Elite Staffing for discrimination under Title VII and the ADEA. After screening her complaint under 28 U.S.C. § 1915(e) and extending two opportunities to amend, the district court dismissed the case with prejudice for failure to state a claim. Relying on summary judgment case law, including our decision in *Barricks v. Eli Lilly & Co.*, 481 F.3d 556 (7th Cir. 2007), the district court determined that Kaminski failed to plead facts supporting a prima facie case of discrimination under either statute. Kaminski's complaint fell short, the district court explained, because she failed to allege facts showing a connection between her membership in a protected class and Elite Staffing's decision to terminate her. Nor, the district court observed, did Kaminski's complaint identify any similarly situated employees who received more favorable treatment.

Kaminski now appeals.

## II

Rule 8 of the Federal Rules of Civil Procedure, entitled "General Rules of Pleading," outlines what a federal complaint must contain to state a claim for relief. To survive a motion to dismiss, the pleading must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Interpreting this requirement, the Supreme Court has explained that a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To be sure,

although a plaintiff "need not plead detailed factual allegations to survive a motion to dismiss, she still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678). In the employment discrimination context, we have said these requirements mean a plaintiff must advance plausible allegations that she experienced discrimination because of her protected characteristics. See *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

Recognizing that Kaminski represents herself, and therefore construing her complaint liberally, we cannot conclude that her second amended complaint met these standards. At a high level of generality, all agree Kaminski alleges she lost her job because of her age, race, and national origin. But Rule 8 requires more. Beyond saying Elite Staffing wrongfully discharged her, Kaminski includes no factual allegations directly or indirectly connecting the termination with her national origin, age, or race. It is not enough for the complaint to observe only that federal law prohibits adverse employment actions on those grounds. There must be some *facts* that make the wrongful discharge contention plausible. See *Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 855 (7th Cir. 2019) (explaining that a plaintiff asserting a discrimination claim "cannot rely on … generalized allegations alone, however, but must combine them with facts particular to his case to survive a motion to dismiss").

The bulk of Kaminski's allegations focus on bus security cameras and phone calls to Elite Staffing's human resources department—events unrelated to her termination. The one

detail Kaminski does allege about her discharge is that Elite Staffing fired her pursuant to a company policy. But her complaint says no more—nothing allowing us to see a link between any aspect of that policy and her contention that the agency discharged her because she is Polish, white, or over 50. Right to it, Kaminski's complaint allows no inference that Elite Staffing engaged in discrimination.

While we have no difficulty reaching this conclusion, we need to sound a soft note of concern about the approach the district court seems to have taken in dismissing Kaminski's second amended complaint. The district court enumerated the elements of both a Title VII claim of race discrimination and an ADEA claim of age discrimination by drawing on our opinion in *Barricks*. But *Barricks* addressed whether a plaintiff had presented enough evidence to satisfy the *McDonnell Douglas* burden-shifting framework and avoid summary judgment. Put differently, *Barricks* was not about the sufficiency of a pleading but rather about evidentiary sufficiency—and, even more specifically, whether the plaintiff had established a prima facie case of discrimination—under Rule 56 of the Federal Rules of Civil Procedure.

The distinction matters. Satisfying Rule 8 and the accompanying standards articulated by the Supreme Court in *Twombly* and *Iqbal* does not require a plaintiff to plead a prima facie case of employment discrimination. See, *e.g.*, *Graham*, 8 F.4th at 627 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). Put more plainly, a plaintiff need not allege facts aligning with her claim's every element, which she will have to prove for her claim to survive summary judgment. She certainly does not need to identify—as the district court seems to have suggested—a similarly situated employee who

managed to avoid termination. See *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 830 (7th Cir. 2014) (explaining that, although plaintiffs at summary judgment may need to point to similarly situated comparators, plaintiffs need not identify comparators in pleadings and often need discovery to identify them).

To survive screening or a motion to dismiss, a plaintiff need only allege enough facts to allow for a *plausible* inference that the adverse action suffered was connected to her protected characteristics. See *Graham*, 8 F.4th at 627; see also *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (interpreting *Twombly* and explaining that, in the employment discrimination context, avoiding dismissal requires a plaintiff to "describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests" and to allege a right to relief above "a speculative level" (cleaned up)). Kaminski's second amended complaint did not meet that standard.

*          *          *

The explanation for what transpired here is obvious. Joanne Kaminski is not trained as a lawyer and, perhaps because of resource limitations, was left to litigate this case on her own. All too often that challenge proves too difficult. And all we can do is remind litigants, including those who find themselves having to proceed pro se, that it is not enough for a complaint to allege labels and conclusions without providing facts—some short, plain, and plausible factual narrative that conveys "a story that holds together." *Carlson*, 758 F.3d at 826–27 (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010)). A litigant's best shot at stating a plausible employment discrimination claim is to explain, in a few

sentences, how she was aggrieved and what facts or circumstances lead her to believe her treatment was *because of* her membership in a protected class. It is the *because of* allegation that was missing here for Kaminski, so we are left to AFFIRM.