In the

# United States Court of Appeals
## for the Seventh Circuit

No. 20-1033

RONALD D. FOSNIGHT and
PARAKLESE TECHNOLOGIES, LLC,

*Plaintiffs-Appellants*,

*v.*

ROBERT JONES, et al.,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Southern District of Indiana, New Albany Division.
No. 4:19-cv-00134-JMS-DML — **Jane Magnus-Stinson**, *Judge*.

SUBMITTED DECEMBER 3, 2020[*] — DECIDED JULY 27, 2022

Before SYKES, *Chief Judge*, and FLAUM and ST. EVE, *Circuit Judges*.

[*] We granted the parties' joint motion to waive oral argument, and the appeal is therefore submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

SYKES, *Chief Judge*. Paraklese Technologies, LLC, makes and sells "solvent traps" and other firearm accessories at its facility in southern Indiana. A solvent trap is a cleaning accessory; it attaches to the barrel of a gun during the cleaning process. The device can also be converted to a silencer, and federal law prohibits conversion without approval from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). In 2017 ATF agents executed a search warrant at Paraklese's Indiana facility and seized about $21,000 worth of inventory.

Two years later Paraklese and its owner Ronald Fosnight sued named and unnamed ATF agents seeking damages arising from the search and seizure. The suit invokes *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and raises claims under the Fourth Amendment and the Due Process Clause of the Fifth Amendment. The district court dismissed the complaint for failure to state a claim.

We affirm. A search pursuant to a valid warrant is presumptively reasonable under the Fourth Amendment. The district judge took judicial notice of the warrant, and the complaint alleges no facts challenging its validity or the reasonableness of the agents' conduct during the search. Nor is there even a hint of a legal or factual basis for the Fifth Amendment claim. The judge properly dismissed the case in its entirety and with prejudice.

## I. Background

Paraklese manufactures solvent traps at its facility in Georgetown, Indiana. Solvent traps are cleaning accessories that can be attached to the barrel of a firearm. They can also

be converted to silencers. The traps themselves are legal to possess, but conversion of a trap to a silencer without ATF approval is illegal; silencers must be registered. *See* 26 U.S.C. §§ 5845(a), 5861.

The complaint is rambling and unfocused, but we discern the following basic factual allegations. On June 20, 2017, Agents Robert Jones and Bradley Leveritt and unknown other agents from the ATF's Louisville Field Division searched Paraklese's Georgetown facility pursuant to a search warrant issued by a federal magistrate judge in the Southern District of Indiana.[1] The federal agents were accompanied by officers of the Indiana State Police.

When the agents arrived, they informed Fosnight, the owner of the company, that they had a sealed warrant to search the facility and a "determination letter" from the ATF concluding that Paraklese's solvent traps were illegal silencers. Fosnight has never seen the determination letter despite asking for it during the search and twice requesting it under the Freedom of Information Act. The complaint contends that the letter does not exist.

During the search, which lasted more than two hours, the ATF agents seized $21,000 worth of solvent traps. Agent Leveritt said they'd be back if Paraklese continued to manufacture and sell solvent traps. Agent Jones told Fosnight that if he continued to sell solvent traps that could be used as silencers, he would lose his federal firearms license.

---

[1] The complaint does not mention this detail about the issuing magistrate. As we explain later, the warrant was in the public record by the time of the dismissal motion, and the district judge properly took judicial notice of it.

Throughout the search, unidentified ATF agents "persistent-ly interrogated" Fosnight without giving him *Miranda* warnings.

After the search Agent Jones paid a visit to a third-party machinist shop that Fosnight used in the manufacturing process. Following this visit, the owner of the shop was too afraid to do further business with Paraklese, and Fosnight hasn't been able to find another machinist. The ATF retained the seized solvent traps for more than 24 months.

In June 2019 Fosnight and Paraklese (collectively "Fosnight") filed a *Bivens* action against Agents Jones and Leveritt; Agent Cory Goldstein; Agent Anastasio (first name unknown); and other unknown ATF agents. The complaint seeks damages arising from the search and seizure and alleges claims for violation of the Fourth Amendment and the Due Process Clause of the Fifth Amendment.

The defendants moved to dismiss for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6). They asked the court to take judicial notice of the search warrant, which by that time was in the public record. The judge did so. She then charitably evaluated the alleged constitutional claims, ruling that the complaint failed to plead any facts plausibly suggesting that any defendant—known or unknown—violated the Fourth or Fifth Amendments. For starters, Agents Goldstein and Anastasio appear in the complaint in name only. The judge noted that no allegations connect either of them to the search (though the complaint mentions that an agent named Anastasio is listed on an ATF property receipt related to the search). And the complaint says nothing at all about the conduct of the unnamed agents.

The allegations against Agents Jones and Leveritt, though somewhat more specific, fared no better as a legal or factual matter. The judge explained that the existence of the warrant made the search presumptively valid under the Fourth Amendment, and the failure to issue *Miranda* warnings wasn't a constitutional violation.

Finally, the judge could not discern any possible legal or factual basis for a due-process claim. Neither the complaint nor Fosnight's response to the dismissal motion clarified which component of the due-process right—substantive or procedural—was violated or how. The judge gamely addressed both theories. She first explained that because the Fourth Amendment addressed the legality of the search and seizure, it was improper to consider the same claim under the rubric of substantive due process. *See Brokaw v. Mercer County*, 235 F.3d 1000, 1017 (7th Cir. 2000). And the availability of meaningful post-seizure remedies under the Federal Tort Claims Act conclusively barred any possible claim for inadequate pre-seizure process. Alternatively, the judge held that all claims, whether under the Fourth or Fifth Amendment, were barred by qualified immunity.

Fosnight's response to the dismissal motion included a passing request for leave to amend the complaint, but it was nothing more than two sentences of boilerplate. The judge declined to permit an amended pleading and dismissed the case with prejudice.

## II. Discussion

We review the judge's dismissal order de novo, accepting as true the facts alleged in the complaint and drawing reasonable inferences in Fosnight's favor. *Cheli v. Taylorville*

*Cmty. Sch. Dist.*, 986 F.3d 1035, 1038 (7th Cir. 2021). To sur-vive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Judicial-notice rulings are reviewed for abuse of discre-tion, *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997), and that same standard applies to the denial of leave to amend the complaint, *Bd. of Forensic Docu-ment Exam'rs, Inc. v. Am. Bar Ass'n*, 922 F.3d 827, 830–31 (7th Cir. 2019). Finally, "[w]e review the validity of a qualified immunity defense de novo." *Est. of Escobedo v. Martin*, 702 F.3d 388, 404 (7th Cir. 2012).

Fosnight's appellate brief, like his complaint, is rambling and hard to follow. Indeed, large passages of it are para-graphs simply lifted verbatim from the complaint. There is almost no coherent engagement with the judge's reasons for dismissing the case.

As best we can tell, the primary argument on appeal seems to be a challenge to the judge's decision to take judi-cial notice of the search warrant. That's a nonstarter. Rule 201(b)(2) of the Federal Rules of Evidence permits the court to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." It's well established that judges may take judicial notice of matters of public record when ruling on a motion to dismiss. *Gen. Elec. Cap. Corp.*, 128 F.3d at 1080–81. And "[t]aking judicial notice of matters of public

record need not convert a motion to dismiss into a motion for summary judgment." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012); *see also Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Nor are we, as a reviewing court, "precluded in our review of the complaint from taking notice of items in the public record." *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986).

We've long held that district courts can take judicial notice of public court documents and proceedings when considering a Rule 12(b)(6) motion. *Collins v. Village of Palatine*, 875 F.3d 839, 842 (7th Cir. 2017); *Ewell v. Toney*, 853 F.3d 911, 914, 917 (7th Cir. 2017); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). The existence of the warrant authorizing the search at issue in this case is a "fact[] readily ascertainable from the public court record and not subject to reasonable dispute." *Ennenga*, 677 F.3d at 774. There is no conceivable basis to question the judge's decision to take judicial notice of the warrant.

The existence of the warrant authorizing this search dooms the *Bivens* claims from the get-go. A search conducted pursuant to a valid search warrant is "presumptively valid." *Archer v. Chisholm*, 870 F.3d 603, 613 (7th Cir. 2017); *see also Lange v. California*, 141 S. Ct. 2011, 2017 (2021). The complaint does not allege any facts calling into question the validity of the warrant, nor does it allege that the agents exceeded its scope—say, for example, by searching a location not described with particularity in the warrant. *See Groh v. Ramirez*, 540 U.S. 551, 557 (2004) (discussing the particularity requirement). Nor are there any allegations that the agents unreasonably damaged or destroyed property during the

search. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).

In short, the complaint is simply devoid of any allegations that might plausibly rebut the presumptive validity of the search or support an inference that the agents committed a constitutional violation while executing the warrant. Accordingly, the complaint fails to allege a constitutional violation that could possibly form the basis for a *Bivens* action against *any* of the agents.

If the abject failure to allege a constitutional violation isn't enough to affirm the judgment (it is), Fosnight's conclusory allegations face another problem. There's nothing that links the allegations to the individual agents he has chosen to sue. A *Bivens* action can succeed only against a defendant who has *personally* violated the plaintiff's constitutional rights. *See, e.g.*, *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017) ("[A] *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others."); *FDIC v. Meyer*, 510 U.S. 471, 485 (1994) ("[T]he purpose of *Bivens* is to deter *the officer*."); *Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997) ("In order to state a cause of action under *Bivens*, the plaintiff must allege facts which show that the individual defendant was personally involved in the deprivation of the plaintiff's constitutional rights."). Thus, Fosnight can prevail only if he explains how the agents personally violated his constitutional rights.

As the district judge noted, the complaint contains no factual allegations regarding Agents Goldstein and Anastasio and the unknown agents. It does not accuse them of any wrongdoing or even explain their roles in the

Paraklese search, so the judge properly dismissed them from the suit on this additional basis.

That leaves Agents Jones and Leveritt. The allegations about their role are at least a bit more specific. The complaint alleges that they violated the Fourth Amendment by failing to issue *Miranda* warnings during the search.[2] *Miranda* warnings, of course, have nothing to do with the Fourth Amendment; they are prophylactic rules to safeguard the Fifth Amendment right against compulsory self-incrimination. *Vega v. Tekoh*, 142 S. Ct. 2095, 2101–02 (2022). Moreover, the mere failure to give *Miranda* warnings is not a constitutional violation. *Chavez v. Martinez*, 538 U.S. 760, 772 (2003). Rather, the *Miranda* rule requires the exclusion at a criminal trial of incriminating statements made by the defendant in the absence of warnings. *Id.* at 770–73; *Michigan v. Tucker*, 417 U.S. 433, 444 (1974). And the final blow to this theory of liability: the Supreme Court recently made clear that a *Miranda* violation is not redressable in a suit for damages against a law-enforcement officer. *Vega*, 142 S. Ct. at 2107.

The complaint makes a few additional allegations against Agents Jones and Leveritt. These include Agent Jones's alleged visit to the machinist, Agent Leveritt's warning that the ATF would be back if Paraklese sold illegal solvent traps again, and Agent Jones's warning that Fosnight would lose his firearms license if he continued to manufacture solvent

---

[2] We infer, as the district judge did, that Agents Jones and Leveritt were the ones who questioned Fosnight during the search. As we've noted, the complaint doesn't specifically say, but to the extent that it mentions any particular person's involvement in the search, it's these two.

traps that could be used as silencers. Even if true, none of this conduct amounts to a constitutional violation. The complaint also alleges that the agents failed to produce the "determination letter" during the search, while at the same time alleging that the letter does not exist. Like the district judge, we struggle to understand how the failure to produce a *nonexistent* letter could possibly violate the Constitution.

We turn now to the complaint's invocation of the Due Process Clause of the Fifth Amendment. Fosnight seeks *Bivens* damages for the seizure of the solvent traps, but the judge could not find any factual or legal hook for this claim anywhere in the complaint. Although we see no flaw in her reasoning, Fosnight clearly waived appellate review of it. The only mention of "due process" in Fosnight's appellate brief comes from passages copied and pasted from the complaint and a block quote of the text of the Fifth Amendment. Because the brief makes no effort to apply due-process principles to the facts alleged in the complaint, any challenge to the judge's ruling on this claim is waived.[3] *See Soo Line R.R. Co. v. Consol. Rail Corp.*, 965 F.3d 596, 601 (7th Cir. 2020) ("[A] conclusory argument that amounts to little more than an assertion does not preserve a question for our review.").

Finally, any challenge to the judge's alternative ruling—based on qualified immunity—is frivolous. Qualified immunity protects government officials from damages liability unless they "violate clearly established statutory or constitu-

---

[3] We note for completeness that the Supreme Court has never authorized a *Bivens* action for the seizure of property. The Court has repeatedly—and very recently—reminded us that expanding the *Bivens* remedy "is 'a disfavored judicial activity.'" *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)).

tional rights." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once the defense is raised, the plaintiff bears the burden of defeating it by showing (1) "that the defendant violated a constitutional right" and (2) that the constitutional right at issue "was clearly established at the time of the alleged violation." *Archer*, 870 F.3d at 613. "A failure to show either is fatal for the plaintiff's case … ." *Id.* The district court may entertain a qualified-immunity defense on a defendant's motion to dismiss. *See Ewell*, 853 F.3d at 920 ("Although qualified immunity is sometimes a factual question better reserved for summary judgment, here the pleadings and items subject to judicial notice support immunity for the detectives."); *Chasensky v. Walker*, 740 F.3d 1088, 1093–99 (7th Cir. 2014).

The analysis here ends at step one. For the reasons already explained, the complaint utterly fails to allege *any* facts plausibly showing *any* constitutional violation by *any* defendant. The judge's qualified-immunity ruling was manifestly correct.

We note in closing that the judge reasonably declined to grant leave to file an amended complaint. Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a plaintiff to amend his complaint once without leave within 21 days of a defendant's motion to dismiss. Fosnight did not meet this deadline. A plaintiff thereafter needs either the defendant's consent or the court's permission to amend his complaint. FED. R. CIV. P. 15(a)(2).

We have held that a plaintiff should ordinarily be given one opportunity to amend his complaint, but the judge reasonably declined to follow that preferred practice here. Granting leave to amend is pointless when the plaintiff fails

to "suggest to the court the ways in which [he] might cure the defects." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018). A plaintiff should "offer [a] meaningful indication of how [he] would plead differently." *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012). Without such a showing, the court is "within its discretion to dismiss with prejudice." *Haywood*, 887 F.3d at 335.

As we've noted, Fosnight's request for leave to amend consisted of two conclusory sentences at the end of his response to the motion to dismiss. There was no hint that the defects identified in the motion could be cured, much less any explanation of how. Under these circumstances, the judge reasonably exercised her discretion to deny an opportunity to amend. The dismissal with prejudice is AFFIRMED.