In the

# United States Court of Appeals
## for the Seventh Circuit

───────────

No. 22-1463

IN RE APPLICATION OF VENEQUIP, S.A.,

*Petitioner-Appellant*,

*v.*

CATERPILLAR INC.,

*Respondent-Appellee.*

───────────

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 21-cv-6297 — **Robert M. Dow, Jr.**, *Judge*.

───────────

ARGUED SEPTEMBER 29, 2022 — DECIDED OCTOBER 10, 2023

───────────

Before SYKES, *Chief Judge*, and ROVNER and JACKSON-AKIWUMI, *Circuit Judges*.

SYKES, *Chief Judge*. For many years, Venequip, S.A., a Venezuelan heavy-equipment supplier, sold and serviced products made by Caterpillar Inc., the Illinois-based manufacturer of industrial equipment and machinery. Venequip's dealership was governed by sales and service agreements with Caterpillar Sàrl ("CAT Sàrl"), a Swiss subsidiary of Caterpillar. In 2019 CAT Sàrl terminated the dealership,

triggering international litigation. The contracts contain forum-selection and choice-of-law clauses that direct all disputes to Swiss courts for resolution under Swiss law. In October 2021 Venequip commenced court proceedings against CAT Sàrl in Geneva, Switzerland, alleging breach of contract.

In the months that followed, Venequip filed a flurry of applications in federal district courts across the United States seeking broad discovery under 28 U.S.C. § 1782(a) from Caterpillar and its employees, dealers, and customers. Section 1782(a) authorizes district courts to order any person who resides or is found in the district to give testimony or produce documents "for use in a proceeding in a foreign or international tribunal." This appeal concerns Venequip's § 1782(a) application in the Northern District of Illinois seeking wide-ranging discovery from Caterpillar, CAT Sàrl's parent.

In *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004), the Supreme Court explained that "§ 1782(a) authorizes, but does not require" the court to provide judicial assistance to proceedings in foreign tribunals. The Court identified four factors that may be relevant to the judge's exercise of discretion under the statute. The factors generally concern the applicant's need for discovery, the intrusiveness of the request, and comity considerations. *Id.* at 264–65.

Ruling on Venequip's application, the district judge addressed the *Intel* factors and added two more: (1) the parties' contractual choice of forum and law; and (2) Caterpillar's agreement to provide discovery in the Swiss court. After weighing these considerations, the judge denied the application.

Venequip argues on appeal that the judge misapplied the *Intel* factors. Caterpillar responds that subsequent develop-ments in the Swiss court may have mooted this appeal and, alternatively, that the judge's decision was faithful to the Court's instructions in *Intel*. The appeal is not moot, and the judge appropriately weighed the *Intel* factors and other permissible considerations in denying Venequip's § 1782(a) application. We affirm.

## I. Background

In 2004 Venequip became an authorized distributor of Caterpillar products in a territory primarily, though not exclusively, covering Venezuela. Venequip's dealership was governed by distribution and service agreements with Caterpillar subsidiaries—first Caterpillar Americas SARL and then CAT Sàrl, Caterpillar's Swiss subsidiary.

In 2019 CAT Sàrl terminated Venequip's dealership. The reasons are vigorously disputed. The details are not directly relevant here, but in brief: CAT Sàrl says that Venequip defaulted on its outstanding loan obligations; Venequip accuses CAT Sàrl of breach of contract. The disagreement has spawned litigation that spreads from Switzerland to district courts across the United States.

The contracts between Venequip and CAT Sàrl include forum-selection and choice-of-law provisions that require the parties to resolve disputes in Swiss courts under Swiss law. In October 2021 Venequip lodged its grievance about the termination in the Court of First Instance in Geneva, Switzerland.

Soon after initiating the Geneva proceedings, Venequip filed nine § 1782(a) applications in district courts in the

United States, including a request in the Northern District of Illinois seeking broad discovery from Caterpillar. Venequip asserted that the parent company "has discoverable information that will assist in the ongoing proceedings and investigations in Switzerland." The "discoverable information" covers 22 categories of documents and 29 deposition topics.

The district judge denied the application. Addressing the factors identified in the Supreme Court's *Intel* decision, the judge first noted that Caterpillar was not a party to the Swiss litigation, which "slightly" favored granting the § 1782(a) request. He then considered whether exporting American-style discovery would upset Swiss procedural norms, particularly given the extreme breadth of Venequip's request. The parties generally agreed that discovery in American courts takes place much "earlier and in a more robust manner than would be permitted under Swiss law," but the degree to which the Swiss courts would be receptive to evidence gathered under § 1782(a) was not clear from the parties' submissions. Still, based on the significant differences in the two nations' discovery practices, the judge reasoned that the Swiss courts would likely view the "wholesale importation" of U.S. discovery "warily and with a degree of skepticism."

The judge next addressed whether Venequip's request appeared to be an attempt to circumvent limits in the foreign tribunal's law. This factor, the judge held, strongly favored Caterpillar. He placed special emphasis on the forum-selection and choice-of-law provisions in Venequip's contracts with CAT Sàrl, noting that the parties were sophisticated international companies and were undoubtedly aware

of the differences between Swiss and U.S. procedural and substantive law when they negotiated these multimillion-dollar contracts.

Finally, the judge considered the intrusiveness and burdens imposed by the discovery request. He described Venequip's application as "a series of typically broad and comprehensive discovery requests seeking 'all documents or communications' 'regarding' or 'related to' various aspects of the business dealings between Venequip and CAT [Sàrl] for the better part of two decades." As the judge put it, this was not "a surgically measured request for particularized information." The judge also assigned weight to Caterpillar's pledge to cooperate with discovery in the Swiss court, emphasizing that he anticipated good-faith compliance with that commitment.

On balance and considering all these factors, the judge denied Venequip's § 1782(a) application. At the end of his decision, he emphasized that he would "defer to any expression by the Swiss tribunal of its views" regarding the scope of discovery needed to resolve the parties' dispute under Swiss law. And he said that Venequip could return with a renewed application if Caterpillar declined to cooperate "within th[e] parameters" of the Swiss litigation.

Venequip appealed the judge's ruling. After briefing was completed, Venequip filed a motion asking us to take judicial notice of certain intervening developments in the Swiss proceedings. The Swiss Code of Civil Procedure requires litigants to attempt "conciliation" (i.e., mediation) before a plaintiff may file a "Statement of Claim"—the pleading that formally initiates adversarial proceedings. In the judicial-notice motion, Venequip reported that it had not filed a

statement of claim by the deadline set by the Swiss court, explaining that it chose not to do so because it "lack[ed] important evidence on the extent of its damages." Venequip also said that it had filed a "standalone Request for Evidence" from CAT Sàrl in the Swiss court seeking a subset of the records it had requested from Caterpillar in the § 1782 application at issue here. Finally, Venequip asserted that it will "commence a new conciliation proceeding" and "ultimately" file a statement of claim when it obtains evidence from CAT Sàrl in response to its request in the Swiss court (or from Caterpillar if it prevails here).

Caterpillar responded to the motion, agreeing that the two developments in the Swiss court—Venequip's failure to file a timely statement of claim and its later request for evidence from CAT Sàrl—are proper subjects for judicial notice. Caterpillar objected, however, to taking judicial notice of Venequip's asserted justification for missing the claim-filing deadline or its purported future litigation strategy. Those matters, the company argued, are not judicially noticeable facts because they cannot be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Caterpillar also suggested that Venequip's "abandonment" of the Swiss proceedings (by failing to file a timely statement of claim) may moot this appeal.

## II. Discussion

### A. Mootness

We begin, as we must, with Caterpillar's suggestion of mootness. Article III of the Constitution limits the judicial power to the resolution of "Cases" and "Controversies,"

U.S. CONST. art. III, § 2, a limitation long understood to confine the federal courts to concrete disputes between parties with a personal stake in the litigation. *Moore v. Harper*, 143 S. Ct. 2065, 2076 (2023). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Accordingly, "it is not enough that a dispute was very much alive when suit was filed; the parties must continue to have a personal stake in the ultimate disposition of the lawsuit." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quotation marks omitted).

Mootness doctrine "addresses whether an intervening circumstance has deprived the plaintiff of a personal stake in the outcome of the lawsuit." *West Virginia v. EPA*, 142 S. Ct. 2587, 2607 (2022) (quotation marks and alterations omitted). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' … the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis*, 494 U.S. at 477–78). In other words, a suit becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Chafin*, 568 U.S. at 172 (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

Caterpillar contends that Venequip's failure to file a timely statement of claim in the Swiss court means that it has abandoned the underlying foreign proceedings and no longer has a live stake in this § 1782 discovery application. Alternatively, Caterpillar argues that Venequip's actions in the Swiss court bear out the district court's concerns about

circumventing Swiss procedural law, providing additional support for the judge's decision on the merits.

We accept the parties' agreement that the two developments in the Swiss court—Venequip's failure to file a timely statement of claim and its subsequent request for evidence from CAT Sàrl—are judicially noticeable facts. "Once formal briefing in an appeal has concluded, [the] parties are not prohibited from informing the court of important developments in related court proceedings (about which we may take judicial notice), so long as those developments have a direct relation to the matters at issue." *Loughran v. Wells Fargo Bank, N.A.*, 2 F.4th 640, 652 (7th Cir. 2021) (quotation marks omitted); *see also Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) (explaining that records of court proceedings are proper subjects for judicial notice under Rule 201(b)).

These intervening developments, however, do not moot this appeal. Caterpillar's suggestion of mootness is keyed to the threshold requirements for a § 1782(a) application. Section 1782(a) lists three necessary—but not sufficient—conditions for a successful application. First, the person from whom discovery is sought must "reside" or be "found" in the district where the court is located. § 1782(a). Second, the discovery sought must be "for use in a proceeding in a foreign or international tribunal." *Id.* And third, if a foreign tribunal itself does not request the discovery, the applicant must be an "interested person." *Id.*

Caterpillar focuses on the second condition but overlooks that the Supreme Court has interpreted it quite generously. The statute doesn't demand that the foreign "adjudicative proceedings [be] 'pending' or 'imminent,'" only that they be "within reasonable contemplation." *Intel*, 542 U.S. at 259.

And here it's clear that proceedings in Swiss court remain "within reasonable contemplation." Although Venequip failed to file a timely statement of claim in the court proceedings it commenced in October 2021, it may later renew or initiate new conciliation proceedings in the Swiss court. And its request for evidence from CAT Sàrl suggests that it intends to do so.

Venequip's Swiss discovery request asserts that the evidence it seeks from CAT Sàrl "is part of a dispute … regarding distribution contracts for the sale and service of Caterpillar machinery and parts" and is necessary to assess "its chances of success" in the "substantive action it intends to bring against [CAT Sàrl]." This confirms that proceedings in the foreign tribunal are within reasonable contemplation notwithstanding the lapse in the proceedings Venequip initially commenced in October 2021.

So the appeal is not moot. Rather, it continues to present a live controversy in which Venequip and Caterpillar have a personal stake.

**B. Merits**

With our jurisdiction secure, we proceed to the merits. Section 1782(a) authorizes the district courts to provide discovery assistance to foreign courts. In relevant part, § 1782(a) provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted

> before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

The threshold statutory requirements are satisfied here. Everyone agrees that Caterpillar is "found" in the Northern District of Illinois and Venequip is an "interested person" entitled to pursue discovery assistance under § 1782(a). And as we've just explained, Venequip seeks evidence for use in current or future proceedings in the Swiss court.

The parties' dispute centers on a disagreement over the district court's application of the Supreme Court's *Intel* decision. *Intel* resolved several debates about the meaning of § 1782. First, the Court declined to read the "interested person" language narrowly to cover only litigants in the foreign proceeding. *Intel*, 542 U.S. at 256–57. In addition (and as we've noted), the Court held that an adjudicative proceeding need not be "pending" or "imminent" in a foreign tribunal but only "within reasonable contemplation." *Id.* at 258–59. The Court also addressed a divide in the lower courts about whether discovery assistance under § 1782(a) is unavailable when the "interested person" would not have been able to obtain the requested evidence in the foreign jurisdiction. *Id.* at 259–62. The Court rejected this so-called "foreign discoverability" rule as incompatible with the statutory text. *Id.*

Finally, the Court provided some guidance on how courts should evaluate § 1782(a) applications. The Court explained that "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Id.* at 264. Rather, the court has broad discretion to grant, trim, or deny a § 1782(a) request. *Id.* at 264–65. The Court discussed several factors that warrant consideration in ruling on a request. The factors generally concern the applicant's need for the discovery, the intrusiveness or burdens imposed by the request, and considerations of comity, reflecting the international dimensions of the court's decision. *Id.*

More specifically, the Court identified four factors that may be relevant to a court's evaluation of a § 1782(a) application:

> First, when the person from whom discovery is sought is a participant in the foreign proceeding … , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. …
>
> Second, … a court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance. … [Third,] a district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign coun-

> try or the United States. … [And fourth,] undu-
> ly intrusive or burdensome requests may be re-
> jected or trimmed.

*Id.*

Importantly, although the *Intel* factors inform and guide the court's exercise of its statutory discretion, they are neither exclusive nor mandatory. *Id.* In other words, the district court enjoys broad discretion when deciding whether, and to what extent, to provide discovery assistance under § 1782(a).

With the legal framework now in place, we turn to the judge's ruling on Venequip's § 1782(a) application. Our review is deferential. *See Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011); *see also Prestwick Cap. Mgmt., Ltd. v. Peregrine Fin. Grp., Inc.*, 727 F.3d 646, 664 (7th Cir. 2013). We see no basis to disturb the judge's careful weighing of the *Intel* factors and his measured decision to deny Venequip's § 1782(a) application.

The judge's analysis of the first *Intel* factor was quite nuanced. He recognized that Caterpillar is not a participant in the foreign proceeding, which tilted slightly in favor of Venequip. But he also noted that the parent–subsidiary relationship between Caterpillar and CAT Sàrl, coupled with Caterpillar's commitment to cooperate with the discovery process in the Swiss court, diminished the weight of this factor.

The second and fourth factors—the "nature of the foreign tribunal" and the intrusiveness of Venequip's discovery requests—together seemed to tip the scales slightly in Caterpillar's favor. After reviewing the Swiss authorities

cited by the parties, the judge accepted Venequip's claim that the Swiss courts would not consider evidence collected under U.S. discovery rules in a § 1782(a) proceeding "downright null and void." But he considered this second *Intel* factor with some caution, observing that the Swiss courts "would approach the wholesale importation of American civil procedure warily and with a degree of skepticism, as American pre-trial discovery proceedings are alien to Swiss law." At this point he found some overlap between the second and fourth *Intel* factors based on the sheer scope of the § 1782(a) request. Because Venequip had "cast its net widely," the judge thought it "a matter of common sense that the broader the effort to obtain discovery in the U.S., the greater the affront to the Swiss tribunal."

The judge's evaluation of the third factor—the circumvention of foreign proof-gathering restrictions—proved to be the most important to his decision. At this step in the framework, the judge considered the parties' contractual choice of forum and law. He reasoned that "Venequip finds itself unable to obtain robust early discovery not because it lost a race to the courthouse door … but because it agreed *ex ante* to a particular forum and the set of rules that comes with that choice." The judge acknowledged *Intel*'s rejection of a "foreign discoverability" rule. But he nonetheless thought it important that the parties—sophisticated international companies—had agreed to resolve their disputes in Swiss courts under Swiss law, with its more circumscribed discovery procedures. On this reasoning, the judge concluded that "[t]he third factor … strongly favors Caterpillar."

This analysis reflects a faithful application of the *Intel* factors and a reasonable exercise of the judge's wide discretion

under § 1782(a). Venequip resists this conclusion, arguing that (1) the judge improperly gave dispositive weight to the contractual forum-selection clause; (2) Caterpillar did not provide "authoritative proof" that the Swiss courts reject § 1782(a) discovery assistance; and (3) if the judge thought the request was too burdensome, he should have narrowed it rather than rejecting it outright. Each argument requires only brief attention.

Venequip criticizes the judge's consideration of the forum-selection clause, arguing that he essentially imposed a "foreign discoverability" rule contrary to *Intel*. This argument both misconstrues the judge's analysis and misses an important point in our circuit caselaw. Taking the latter observation first, our decision in *Kulzer*—issued long after *Intel*—specifically endorsed the consideration of a forum-selection clause as a relevant and potentially important factor in the § 1782(a) calculus. 633 F.3d at 595. We explained that a forum-selection clause "might indicate the parties' preference for a court system that doesn't contemplate the level of compulsory process available in America." *Id.*

Moreover, the judge did not give *dispositive* weight to the forum-selection clause or "resurrect" the "foreign discoverability" rule, as Venequip claims. Rather, he pointed to the differences between Swiss and American procedural law, the sophistication of the parties, and our advice in *Kulzer* about the potential import of forum-selection clauses—all of which are relevant factors in assessing whether Venequip's § 1782(a) application reflects an effort to escape the discovery limitations in the forum it freely and intelligently selected. That is, the judge examined permissible contextual factors to determine whether Venequip should be held to its

agreement to pursue discovery in Switzerland under Swiss rules, at least for the time being. That was not error.

Venequip next argues that Caterpillar failed to produce "authoritative proof" that Swiss courts reject U.S. discovery assistance under § 1782. But *Intel* did not instruct district courts to evaluate whether a foreign tribunal will *always* or *absolutely* reject § 1782 aid. The Court instead said that judges "may take into account the *nature* of the foreign tribunal, the *character* of the proceedings underway abroad, and the *receptivity* of … the court … abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264 (emphases added). This general guidance is not as rigid as Venequip seems to think, nor does it require "authoritative proof" of the foreign court's hostility to § 1782 discovery assistance. Rather, the Supreme Court's nonexclusive list of potentially relevant factors gives the district court "great flexibility and discretion" in ruling on a request for § 1782 discovery assis-tance. *In re Schlich*, 893 F.3d 40, 50–51 (1st Cir. 2018). The judge determined that although the second *Intel* factor is essentially neutral here, there are good reasons to be cau-tious about the Swiss court's receptivity to American-style discovery. We will not disturb that sensible conclusion.

Finally, Venequip argues that the judge disregarded a dif-ferent part of our decision in *Kulzer* in which we determined that the district court in that case should not have wholly rejected the § 1782(a) applicant's discovery request but instead required the parties "to negotiate … over cutting down the request to eliminate excessive burden." 633 F.3d at 597. But again, the decision to grant a § 1782(a) request is highly contextual. In *Kulzer* the applicant could not obtain the discovery it needed in the foreign forum, and there was

no indication that the foreign tribunal worried about being "swamped" by excessive discovery. *Id.* at 596. And because no other factors weighed against granting discovery, we determined that the more appropriate course was to trim the applicant's request rather than deny it altogether. *Id.* at 597.

This case is not analogous. The judge's decision here rests on case-specific inputs carrying different weights and degrees of importance. Of these, the judge found it particularly noteworthy that the parties had contractually selected Swiss courts and Swiss law, that Venequip had cast a very wide net in its § 1782(a) request, that Swiss courts would likely be wary of the timing and breadth of American-style discovery, and that Caterpillar had agreed to comply with discovery in the Swiss court. At bottom, Venequip is asking us to reweigh these factors and substitute our own judgment for the district judge's exercise of discretion. We decline the invitation.[1]

Before closing, we have one final observation. The judge's careful wait-and-see approach is especially appropriate as an expression of respect for the prerogatives of the Swiss court—the forum freely and intelligently chosen by the parties—and the deference owed to its views about the scope of discovery needed to resolve this dispute. "After all, the animating purpose of § 1782 is comity … ." *ZF Automotive*

---

[1] The Fifth Circuit recently summarily affirmed the denial of Venequip's § 1782(a) application in the Southern District of Texas seeking discovery from a privately held Caterpillar dealership. *Venequip, S.A. v. Mustang Mach. Co.*, No. 22-20520, 2023 WL 5031480, at *1 (5th Cir. Aug. 7, 2023) (per curiam). The district judge there weighed the *Intel* factors in much the same way as the judge in this case. *See Venequip, S.A. v. Mustang Mach. Co.*, No. 4:21-MC-2391, 2022 WL 3951173, at *2–4 (S.D. Tex. Aug. 30, 2022).

*US, Inc. v. Luxshare, Ltd.*, 142 S. Ct. 2078, 2088 (2022). Because the judge faithfully applied the Supreme Court's instructions in *Intel* and reasonably exercised his statutory discretion, the district court's judgment is

AFFIRMED.