In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 25-1649

YUBO MIAO,

*Plaintiff-Appellant,*

*v.*

UNITED AIRLINES, INC.,

*Defendant-Appellee.*

———————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 24 C 01345 — **Charles P. Kocoras**, *Judge.*

———————

ARGUED DECEMBER 11, 2025 — DECIDED JANUARY 13, 2026

———————

Before RIPPLE, SCUDDER, and KIRSCH, *Circuit Judges.*

KIRSCH, *Circuit Judge.* Yubo Miao alleges that—after boarding a United Airlines aircraft—he was singled out for harsh treatment by a flight attendant and ultimately kicked off the plane because of his race. He filed this lawsuit against the airline, alleging violations of Title VI of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. The district court granted United's motion to dismiss for failure to state a claim. Because

there's no plausible allegation that Miao was discriminated against, we affirm.

I

This appeal arises from a motion to dismiss, which means we accept all well-pleaded allegations of fact as true and draw all reasonable inferences in the plaintiff's favor. *Alarm Detection Sys., Inc. v. Village of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019). Yubo Miao, an American citizen of Chinese descent, boarded a United Airlines flight from Chicago to San Diego. As he came down the aisle, a white flight attendant stared at him. Miao then placed his luggage—two suitcases and a lunch bag—in the overhead bin and took his seat.

The same flight attendant asked Miao to place his lunch bag under his seat, but Miao instead put it on the empty seat next to him. The flight attendant asked Miao a second time to move his lunch under his seat, but Miao responded that the bag had food in it, and so he would put it under the seat when other passengers in the seats next to him arrived. In response, the flight attendant yelled at Miao and threatened to tell the captain of the aircraft, at which point Miao immediately moved his lunch under his seat. Another passenger told Miao that he thought the flight attendant had acted disrespectfully.

Soon after Miao's encounter with the flight attendant, a United Airlines supervisor told Miao that he had to leave the plane. While Miao had not made physical contact with the flight attendant, she claimed that Miao had hit her, and the aircraft's captain decided that Miao should be removed. Miao exited the plane.

Elsewhere in the overhead bins on the same flight there was similar luggage to what Miao had brought aboard: two

suitcases and a bag of similar or slightly larger size than Miao's luggage. Those bags belonged to a white passenger, but that person was not asked to move their bags, confronted by flight attendants, or removed from the aircraft.

Miao filed a complaint with United, alleging race discrimination. United initially banned him from flying on its aircraft, but later relented, and allowed Miao to fly with the company again. Miao sent the airline a demand letter and filed a complaint with the U.S. Department of Transportation. On a later flight, a United employee stopped Miao from boarding, he was delayed for about 30 minutes, and he was repeatedly asked if he intended to follow federal regulations.

Miao filed this lawsuit in federal court, bringing claims under Title VI of the Civil Rights Act and 42 U.S.C. § 1981. United moved to dismiss and the district court granted that motion without prejudice. But the district court nowhere mentioned the possibility of amending the complaint and concluded by noting "Civil case terminated." Miao appeals only as to his § 1981 claim.

## II

We review a district court's dismissal for failure to state a claim de novo. *Fosnight v. Jones*, 41 F.4th 916, 921 (7th Cir. 2022). To withstand dismissal, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Speculative allegations, standing on their own, are not enough. *Id.*

Before proceeding to the merits, a word about jurisdiction. We may hear appeals from all "final decisions" of the district courts. 28 U.S.C. § 1291. In this case, dismissal was without prejudice, which generally doesn't qualify. See *Hernandez v.*

*Dart*, 814 F.3d 836, 840 (7th Cir. 2016). But § 1291 is to be read practically, not technically, meaning rulings that "terminate an action" count as final decisions. *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 408–09 (2015). Because the court below noted that the case was terminated, there's reason to believe the district judge was finished. We're also confident in our jurisdiction because Miao stipulated at oral argument that there was nothing left to do in the district court. See *Doermer v. Oxford Fin. Grp.*, 884 F.3d 643, 647–48 (7th Cir. 2018).

Turning to the complaint, the question is whether Miao plausibly alleged a claim under § 1981. That law protects "the equal right … to make and enforce contracts without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) (citation modified). To allege this discrimination claim, Miao must plead that, but for his race, he would not have suffered the loss of a legally protected right to make and enforce a contract. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 340–41 (2020).

Miao argues that he plausibly alleged discrimination because (1) the flight attendant stared him down as he entered the aircraft, (2) other non-Asian passengers were allowed to place carry-on bags like Miao's in the overhead bins without being asked to move them, (3) the flight attendant overreacted to Miao placing his lunch box on an empty seat, (4) the flight attendant concocted a story about Miao hitting her as a pretext for his removal, and (5) Miao was later scrutinized when he attempted to board a different United flight.

These allegations do not add up to a § 1981 claim. Neither the flight attendant nor any other representative of the airline referenced Miao's race. That the flight attendant is white and Miao non-white, that she stared at Miao as he entered the

aircraft, forcefully requested him to follow her instructions, made a false allegation of physical assault, and that United later subjected Miao to extra scrutiny do not support an inference of discrimination. That's because none of those facts, if true, tend to show that Miao was singled out because of his race. See *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (considering claims for discrimination under Title VII and the ADEA); *Smith v. Chi. Transit Auth.*, 806 F.3d 900, 904 (7th Cir. 2015) ("The legal analysis for discrimination claims under Title VII and § 1981 is identical.").

The only possible allegation that suggests Miao was discriminated against is the experience of a white passenger on board the aircraft. But that allegation isn't enough, because there are obvious distinctions between what Miao alleges he did—repeatedly disobeying flight crew instructions—and what his proposed comparator did (bringing onto the aircraft the same amount of baggage as Miao did and stowing it in the overhead bin). Even focusing more narrowly on the flight attendant's initial request to move the lunch bag, it's not reasonable to infer that Miao was discriminated against because he was asked to move a bag while a white passenger was not. Miao argues that he did not ignore or defy instructions. There's a conclusory allegation to that effect, but it conflicts with detailed factual allegations in the complaint and should be set aside. See *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) ("[O]ur pleading rules do not tolerate factual inconsistencies in a complaint.").

Miao wasn't required to allege that he was similarly situated to someone else to state a § 1981 claim. See *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (applying Title VII and noting that a "plaintiff is not required to identify

similarly situated comparators at the pleading stage"). But in this case, the experience of a possible comparator is the only allegation that suggests what happened to Miao had anything to do with race. And because that comparison doesn't hold up to even the slightest scrutiny—as required by Rule 12(b)(6)—it's not enough to make Miao's claim plausible. See *Katti v. Arden*, 161 F.4th 217, 226–27 (4th Cir. 2025) (affirming dismissal of a § 1981 claim because a complaint fell "well short of alleging a similarly situated comparator" and otherwise relied on speculative allegations); *Joyner v. Morrison & Foerster LLP*, 140 F.4th 523, 529–33 (D.C. Cir. 2025) (affirming dismissal of a § 1981 claim because "general allegations about comparators do not provide a meaningful benchmark" to decide if differential treatment was racially motivated); cf. *Tamayo*, 526 F.3d at 1085 (a plaintiff stated a Title VII claim when she alleged that she and potential comparators were similarly situated). We agree with our dissenting colleague about the applicable legal framework. Our disagreement is only over how to apply those principles in this case. As we see it, there is nothing here, aside from conclusory allegations, to plausibly allege discrimination.

To survive a motion to dismiss, Miao needed to allege enough facts to allow for a plausible inference that United impaired his right to enforce a contract because of race. See *Comcast Corp.*, 589 U.S. at 341. While the complaint provides a detailed account of what happened aboard United's aircraft, we can only speculate that race had anything to do with it. Pursuant to Federal Rule of Civil Procedure 60(a), the district court shall amend the judgment to reflect that dismissal of Miao's complaint was with prejudice.

AFFIRMED

RIPPLE, *Circuit Judge*, dissenting.

Ever since their promulgation in 1938, the Federal Rules of Civil Procedure have brought to the federal courts the order and discipline necessary for the efficient and just resolution of federal litigation. Today's panel majority's decision does little to reinforce those qualities. Indeed, I respectfully suggest that it significantly dilutes them.

Just a year ago, in *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1337 (7th Cir. 2024), our court emphasized eloquently the importance of order in the litigation process. Specifically, we emphasized the very different roles played by the complaint stage and the summary judgment stage in pretrial litigation. *Id.* at 1337–38. Usually, cases involving this distinction focus on whether the complaint adequately sets forth a cause of action. Here, there is no doubt that Mr. Miao's complaint presents a clear and comprehensive account of United's actions that, in his view, constitute a discriminatory denial of his right to passage on United Flight 2683 and to contract for passage on subsequent United flights free of racial discrimination. Indeed, the panel majority's detailed rendition of Mr. Miao's allegations demonstrates eloquently the clarity of the complaint.

Even though the complaint sets forth a comprehensive description of Mr. Miao's encounter with United personnel, the panel majority nevertheless approves the dismissal of the complaint because it perceives a different, but somewhat related, infirmity. Employing an analysis that we normally associate with motions for summary judgment, it writes that, in its view, Mr. Miao's factual allegations do not hold up to "scrutiny." This holding is no different from saying that no rational jury could find that United acted as it did only

because of Mr. Miao's race. Highlighting one phrase from the complaint and culling out another, the panel majority opinion accepts the argument that Mr. Miao violated an airline rule when, in response to the flight attendant's direction, he promptly removed his lunch from the overhead bin but, rather than immediately placing it under his seat, temporarily placed it on the seat next to him. It summarily rejects his assertion that he did not disobey the flight attendant's direction in finding this temporary resting place for his lunch. Having decided that this supposed violation played a role in the captain's decision to remove Mr. Miao from the aircraft, the panel

majority concludes that there can be no liability under 42 U.S.C. § 1981.[1][2]

---

[1] In a letter from Mr. Miao to United, which was attached to his complaint, Mr. Miao stated that he would pursue his claim "[w]hether by either or both administrative complaint with the Department of Transportation/FAA or by filing suit in federal court …" R.1-1 at 3. The Department of Transportation hears complaints through its Office of Aviation Consumer Protection. When a consumer files a complaint of discrimination, the DOT investigates the complaint and directs the airline to respond, ultimately issuing findings to the consumer.

This remedy was available to Mr. Miao, but he was not required to exhaust it before filing a claim in federal court under Section 1981. We have held that there is no administrative exhaustion requirement under Section 1981. *See Donaldson v. Taylor Prods. Div. of Tecumseh Prods. Co.*, 620 F.2d 155, 158 (7th Cir. 1980) ("We agree that there is no exhaustion requirement under either of the Civil Rights Acts," referring to Title VII and 42 U.S.C. § 1981); *Waters v. Wisconsin Steel Works of Intern. Harvester Co.*, 502 F.2d 1309, 1316 (7th Cir. 1974) ("We are of the view, therefore, that plaintiffs could properly proceed against the union under Section 1981 without first exhausting any contractual remedies under the collective bargaining agreement.").

[2] Airlines enjoy some immunity under 49 U.S.C. § 44902(b). No party in this case suggests that this immunity extends to cases alleging racial discrimination under 42 U.S.C. § 1981. In *Abdallah v. Mesa Air Group, Inc.*, 83 F.4th 1006, 1017 (5th Cir. 2023), the Fifth Circuit held that "§ 44902(b) does not provide immunity for a § 1981 claim if a passenger's protected status is the but-for cause of the airline's decision to remove that passenger, thus rendering the airline's action, in the words of the Second Circuit, 'capricious or arbitrary.' Hence a decision motivated by the passenger's race alone would not be immune under that standard because, in the words of § 44902(b), the decision was not made because the passenger was 'inimical to safety.' On the other hand, immunity would follow from a finding that the airline's decision was not arbitrary and capricious." (citations omitted).

There are several reasons for rejecting the panel majority's *summary* conclusion. To begin, although a plaintiff can plead himself out of court by making factual allegations that are clearly incompatible with liability, such an argument always must be evaluated skeptically.[3] Mr. Miao's statement that he temporarily placed his lunch on the seat next to him is not necessarily incompatible with his assertion that he did not disobey the flight attendant's direction. Certainly, he was entitled to maintain, at least at the pleading stage, that his action was a good faith effort to comply with the flight attendant's direction and, at the very least, amounted to substantial compliance with the attendant's direction as he understood it. The attendant wanted his lunch removed from the overhead bin so that larger pieces could be placed in that compartment. Moreover, Mr. Miao maintains that he intended to place his lunch under the seat at a time appropriate with the airline's concern about the storage of personal effects for taxi and take-off.

Mr. Miao had a right to develop his theory factually beyond the complaint stage. A complaint can be dismissed only if it fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, the "plausibility" standard did not create a "probability requirement" for plaintiffs. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013). The court's role is not to assess whether the plaintiff's allegations will bear out in discovery, but rather to ask only if the complaint contains enough factual details to conclude that the story could have happened. *See Swanson v.*

---

[3] *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

*Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010). And in doing so, we must "draw all reasonable inferences in the plaintiff's favor." *Alarm Detection Sys., Inc. v. Village of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019).

Notably, Mr. Miao does not contest that, to recover under Section 1981, he must establish that race alone was the basis for his removal. He details a series of events that, in his view, resulted in his removal on that basis. I do not know whether he will prevail, but I see no justification for not allowing him to have his story tested at least in the crucible of the summary judgment process. Identifying, and proving, discrimination is a difficult task and usually requires reliance on circumstantial evidence. Mr. Miao will have to establish that the flight attendant treated him differently from persons of another race and did so intentionally. He will have to accomplish this feat through his own testimony and perhaps that of others. Key to this aspect of his case will no doubt be the testimony of the other passenger who witnessed at least part of the encounter and will be able to testify as to what was said and how it was said. The actual role of the captain, if any, also needs to be explored. At this stage of the litigation, no one has heard from the captain. We do not know the actual basis for the captain's decision or even whether the captain made the decision. Even if we assume that the captain (rather than the supervisor who ordered Mr. Miao to leave the aircraft) made the decision, we are asked to take on faith the assertion that the decision was based at least partially on Mr. Miao having temporarily placed his lunch on the vacant seat next to him. In accepting that assertion, the majority draws an inference *against* Mr. Miao. Although the flight attendant maintained that Mr. Miao engaged in a physical altercation with her, Mr. Miao strenuously disputes this allegation, suggesting that if the

flight attendant made such an allegation to the captain, it was a lie. Indeed, until we hear from the captain, there is the distinct possibility that the captain's sole reason for ordering Mr. Miao's removal was the report that he had engaged in a physical altercation. If so, the captain's action was based on a falsehood.

In any event, panel majority's opinion assumes that Mr. Miao's temporary placement of his lunch was at least a partial reason for United's drastic action and that therefore justification for Mr. Miao's removal rests, at least in part, on a non-discriminatory reason. This assumption rests, to put it mildly, purely on surmise and requires that we assume that the captain of an airliner would consider such drastic action appropriate. At this stage of the proceedings, the district court accepted uncritically such an assertion without any further factual development. The panel majority opinion attempts to fit this case into the mold of *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776–77 (7th Cir. 2022). In that case, although noting that plaintiffs are not required to plead a prima facie case of discrimination, the court held that the complaint failed to state a claim because it did not include any allegation of the "facts or circumstances [that led the plaintiff] to believe her treatment was *because of* her membership in a protected class." *Id.* at 778. Here, relying on *Kaminski*, the panel majority writes, "The only possible allegation that suggests Miao was discriminated against is the experience of a white passenger on board the aircraft." *Miao*, Slip Op. at 5. This analysis misapprehends, indeed ignores, Mr. Miao's account when read as a totality. Mr. Miao's account, fairly read, tells the story of a flight attendant who greeted him, an Asian, with suspicion, treated non-Asian passenger differently, raised her voice unprofessionally when dealing with him about the temporary

placement of his lunch, and lied about his assaulting her. Read as a whole, these factual allegations are more than sufficient to support an inference of racial discrimination against Mr. Miao. "That is an entirely plausible scenario, whether or not it describes what 'really' went on in this plaintiff's case." *Swanson*, 614 F.3d at 404–05. These allegations are sufficient to sustain Mr. Miao's case at the complaint stage. Later proceedings will determine whether he can prove his allegations.

As I noted at the beginning, the Federal Rules of Civil Procedure provide not only a rationale decision-making structure but also an intellectual discipline. The Rules arrest premature judicial decision-making until there has been a full and fair evaluation of the plaintiff's case. They are an important tool of judicial self-restraint. As our court said not long ago, "[w]e appreciate that district judges may be impatient with suits that do not seem promising, because the judges doubt that plaintiffs will be able to marshal enough evidence to get to trial. But the time to demand evidence is the summary-judgment stage. All the complaint need do is state a grievance. Details and proofs come later." *Thomas*, 120 F.4th at 1338.

I respectfully dissent.